### ARONIN v. SECURITY BANK OF NEW YORK.

#### In re DRAPKIN.

(Circuit Court of Appeals, Second Circuit. December 14, 1915.)

#### No. 39.

1. BANKRUPTCY ☞303—VOIDABLE PREFERENCES—SUFFICIENCY OF EVIDENCE.
    In an action by a trustee in bankruptcy to recover accounts transferred by the bankrupt to defendant to apply on a pre-existing indebtedness, evidence *held* to support a finding that, when defendant acquired the accounts, it had notice that a preference was intended.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458-462; Dec. Dig. ☞303.]

2. BANKRUPTCY ☞166—VOIDABLE PREFERENCES—TRANSFERS CONSTITUTING.
    Where defendant, within four months before the filing of a petition in bankruptcy and while the bankrupt was insolvent, received from the bankrupt to apply on a pre-existing debt accounts due the bankrupt under circumstances such as naturally would have caused an ordinary person to believe that a preference would thereby be effected, the trustee could recover for the benefit of the bankrupt estate.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250-253, 255-258; Dec. Dig. ☞166.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Moses Drapkin, bankrupt. Suit by Max Aronin, trustee in bankruptcy, against the Security Bank of New York. Decree for complainant, made and entered March 8, 1915, and defendant appeals. Affirmed.

Herman B. Goodstein, of New York City (Herman B. Goodstein and Thomas J. Kavanagh, both of New York City, of counsel), for appellant.

Rosenthal & Heermance, of New York City (Clayton J. Heermance and S. Michael Cohen, both of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ROGERS, Circuit Judge. [1] The question which this case presents is whether the defendant obtained a preference as respects two accounts which were transferred to it at a time when it is alleged to have had knowledge that the transferor, Moses Drapkin, was without sufficient funds to pay his debts. The trustee in bankruptcy of Drapkin has brought suit against the defendant to recover these two accounts—one with the Commercial Trades Company in the sum of $519.65, and the other with S. Weiner, Son & Co. in the sum of $598.25. The court held that the bank had notice that preference was intended, and that the trustee was therefore entitled to a decree directing the return of the accounts, as the defendant received the accounts within four months prior to the adjudication in bankruptcy.

The bankruptcy proceedings were voluntary, and the petition was filed on March 21, 1914. In September 1913, an involuntary petition in bankruptcy had been filed against Drapkin, who had been doing business under the trade name of M. Handin & Drapkin. The proceedings in 1913 resulted in a settlement upon a basis of 25 per cent. in cash and notes for 10 per cent. of the claims. The appellant bank then had a claim against the bankrupt and did not participate in the involuntary proceedings, but effected the sale of its claim to one Chester for $428.75 in cash, taking notes for the balance indorsed by the bankrupt. The bankrupt had been a depositor in the defendant bank, but that relationship terminated subsequent to the first bankruptcy proceedings and prior to the assignment of the accounts.

The plaintiff called as a witness one Holleb, who was in the employ of the bankrupt at the time the accounts in question were transferred to the defendant. He was thoroughly conversant with the bankrupt's business, and one of his duties was to examine from time to time the books to see that the bookkeeper made no mistakes. It was with him that the bank was accustomed to confer about the financial condition of Drapkin and his indebtedness to the bank. He was called to the bank in February, 1914, and asked by its credit man for a check to discharge Drapkin's indebtedness. He testified that he informed Mr. Heidelberg, the credit man of the bank, that "we were not in a position to do it," that "we had no cash on hand at the present time," that "we might manage to raise possibly a little over $100, and would give him a note for the balance." Later in February he was again called to the bank on the same subject and asked whether the notes would be paid. He testified he told Heidelberg that he "would have to see Mr. Drapkin about it," and that he called a few days later and gave Heidelberg the two accounts, adding, "I told him that we wouldn't have sufficient funds to meet everything we owed, and for that reason we gave him those two accounts to secure part of his money," and at the same time told him that "Mr. Drapkin will have to get out of business; we might be able to offer a 10 per cent. settlement." At that time the bank held two notes, which had been protested in December, upon which Drapkin was an indorser, and which still remained unpaid, although the bank had been pressing for some time for payment.

There was some testimony which tended to throw doubt upon Holleb's testimony, but we have not been impressed by it, and it did not impress the trial judge, who saw and heard the witnesses and stated in his opinion that "I observed closely each witness as he testified, and believe Holleb was correct in his evidence." We think the conclusions of the District Judge, who saw the witnesses, and heard them give their testimony, and came to the conclusion that the bank, at the time it acquired those accounts, had notice that a preference was intended, should not be disturbed.

[2] At the time the bank received these accounts it received them as a creditor and for a pre-existing debt. The testimony shows that Drapkin at the time was insolvent. It also shows, in the opinion of the trial judge, and in our opinion, that the bank received the accounts under such circumstances as naturally would have caused an ordinary person, had he been the creditor receiving the preference, to have believed that thereby a preference would be effected. And it appears that the bank received the accounts within four months before the filing of the petition. Property received under such circumstances constitutes a voidable preference and the trustee can recover for the benefit of the bankrupt estate.

Decree affirmed.